IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAZIM CAUSEVIC,<br>on behalf of plaintiff and a class,<br><br>Plaintiff,<br><br>vs.<br><br>MIRAMED REVENUE GROUP, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff Cazim Causevic brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Miramed Revenue Group, LLC ("MRG"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

    a. Plaintiff is located in the District;

    b. Defendant is located in the District;

    c. All acts at issue occurred in the District.

## PARTIES

9. Plaintiff Cazim Causevic is an individual who resides in Island Lake, Illinois.

10. Defendant MRG is a limited liability company organized under Illinois law with offices at 360 E. 22d Street, Lombard, IL 60148. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

11. MRG operates a collection agency, using the mails and telephone system to collect health care debts owed to others.

12. MRG holds a collection agency license from the State of Illinois.

13. MRG is a debt collector as defined in the FDCPA.

## FACTS

14. On or about March 26, 2018, defendant MRG sent plaintiff the letter attached as Exhibit A.

15. The letter sought to collect a medical bill allegedly owed by Amela Causevic and incurred June 28, 2017.

2

16. <u>Exhibit A</u> was the first letter plaintiff received from MRG concerning the alleged debt.

17. <u>Exhibit A</u> is a form letter regularly used by MRG as the initial letter it sends to a consumer.

18. Amela Causevic is plaintiff's daughter.

19. On June 28, 2017, Amela Causevic was over 18 years of age.

20. Most of the services rendered were paid for under a benefits plan on which plaintiff is the primary beneficiary, but which also covered Amela Causevic.

21. An adult child may remain on a parent's plan until the age of 26.

22. This does not make the parent personally liable for sums not paid by the plan.

23. MRG claims expertise in collecting medical debts.

24. MRG should be aware that even though an adult child is covered by a parent's insurance policy, the parent is not personally liable.

25. MRG should also have procedures to prevent dunning parents for debts of adult children.

26. On information and belief, MRG regularly duns parents for debts of adult children.

## COUNT I – FDCPA

27. Plaintiff incorporates paragraphs 1-26.

28. MRG violated 15 U.S.C. §§1692e, 1692e(2), 1692e(10), and 1692g, by attempting to collect from plaintiff a debt owed, if at all, by an adult child of plaintiff.

## CLASS ALLEGATIONS

29. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

30. The class consists of (a) all individuals in Illinois (b) to whom MRG sent a collection letter, (c) seeking to collect a debt for health care services (d) incurred by a patient

who was a child of the individual (e) and who was 18 or over at the time of the services (f) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

31. On information and belief, the class is so numerous that joinder of all members is not practicable.

32. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of attempting to collect from parents debts of adult children, and whether such practice violates the FDCPA.

33. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

34. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

35. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

    i. Statutory damages;

    ii. Actual damages, including all amounts collected from class members;

    iii. Attorney's fees, litigation expenses and costs of suit;

    iv. Such other and further relief as the Court deems proper.

                                                                                                         <u>s/Daniel A. Edelman</u>
                                                                                                         Daniel A. Edelman

Daniel A. Edelman
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                               s/Daniel A. Edelman
                                               Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
       & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)